## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

_____

LINDA B. DAVIS,                                                                 DOCKET NO: 19-2540
                                                                                                JURY DEMANDED
      Plaintiff,
      v.
CITY OF PIPERTON,
      A Municipal Corporation;
Mayor of the City of Piperton, HENRY COATS,
      In his Official Capacity;
CITY OF PIPERTON DEPARTMENT OF PUBLIC WORKS;
City of Piperton Public Works Director, TERRY PARKER,
      In his Individual and Official Capacities;
City of Piperton Manager, STEPHEN STEINBACH,
      In his Individual and Official Capacities;
City of Piperton Public Works Director, MR. REED BULLOCK,
      In his Individual and Official Capacities;
JOHN/JANE DOE 1, City of Piperton Employee/Agent,
      in his/her Individual and Official Capacities,
          Defendants.
_____

### COMPLAINT AND DEMAND FOR JURY TRIAL
_____

COMES NOW, Plaintiff LINDA B. DAVIS (hereinafter referred to as "Mrs. Davis") by and through undersigned counsel Shantell S. Suttle, Attorney at Law, and files this Complaint against Defendants CITY OF PIPERTON, A Municipal Corporation (hereinafter referred to as "Piperton"); Mayor of the City of Piperton, HENRY COATS (hereinafter referred to as "Mr. Coats"), In his Official Capacity; CITY OF PIPERTON DEPARTMENT OF PUBLIC WORKS (hereinafter referred to as "Public Works"); City of Piperton Public Works Director, TERRY PARKER (hereinafter referred to as "Mr. Parker"), In his Individual and Official Capacities; City of Piperton Public Works Director, MR. REED (hereinafter referred to as (Mr. Reed"), In his Individual and Official Capacities; City of Piperton Manager, STEPHEN STEINBACH (hereinafter referred to as "Mr. Steinbach"), In his Individual and Official Capacities;

1

JOHN/JANE DOE 1 ("Doe"), City of Piperton Employee, in his/her Individual and Official Capacities, all as agents and employees of the City of Piperton, Tennessee (collectively referred to as "Defendants").  In support of her *Complaint*, Mrs. Davis respectfully states and would show unto the Court as follows:

## PARTIES

1.  That Defendant City of Piperton (hereinafter referred to as "Piperton") is a municipality duly organized and existing under the virtue of the laws of the State of Tennessee and located within the County of Fayette.

2.  That Defendant City of Piperton Department of Public Works (hereinafter referred to as "Public Works") is a municipal organization and department of the City of Piperton, duly organized and existing under and by virtue of the laws of the State of Tennessee and located within Fayette County .

3.  Linda Davis (hereinafter referred to as "Mrs. Davis") is an African American adult, female residing at 4620 Barkley Glen Drive, Collierville, Shelby County, Tennessee 38017, who was employed as an administrative assistant to Terry Parker by the City of Piperton with the Public Works Department under the supervision of Terry Parker who was working under the management/direction of Stephen Steinbach, who works under the supervision of Mayor Henry Coats, during the time that she was sexually harassed, was assaulted, suffered a battery, was emotionally and physically injured, embarrassed, humiliated, suffered retaliation, and suffered discrimination by her supervisor Terry Parker; by City Manager Stephen Steinbach; by Mayor Henry Coats; City of Piperton; and by Mr. Reed Public Works Director in Piperton, Fayette County, Tennessee.

    4. Terry Parker, based on information and belief, is an adult citizen of Shelby County, Tennessee and during all times pertinent to this action was employed in a supervisory, agency capacity by the City of Piperton, Fayette County, Tennessee with the Public Works Department under the supervision of Stephen Steinbach who was under the supervision of Mayor Henry Coats.

    5. Stephen Steinbach, based on information and belief, is an adult citizen of Fayette or Shelby County, Tennessee and during all times pertinent to this action was employed in a supervisory, agency capacity as City Manager, by the City of Piperton, Fayette County, Tennessee with the Public Works Department under the supervision of Mayor Henry Coats.

    6. Henry Coats, based on information and belief, is an adult citizen of Fayette County, Tennessee and during all times pertinent to this action was employed in a supervisory, agency capacity as the Mayor of the City of Piperton, Fayette County, Tennessee.

    7. Mr. Reed, based on information and belief, is an adult citizen of Fayette or Shelby County, Tennessee and during all times pertinent to this action was employed in a supervisory, agency capacity as the Public Works Director for the City of Piperton under the management of Stephen Steinbach and Mayor Coats.

    8. Defendant John/Jane Doe 1 (hereinafter referred to as "Doe") is the Piperton employee/agent who was acting and working under color of law for the City of Piperton when he/they violated the civil rights of Mrs. Davis and caused injury to Mrs. Davis. Based on knowledge, information, and belief, he/she/they are adult citizens and residents of Fayette County, Tennessee. He/she is being sued in his/her individual and official capacities.

## JURISDICTION

9.    This action is brought pursuant to 42 U.S.C. section 1983, Tennessee Governmental Tort Liability Act (T.C.A. section 29-20-101 et seq.), 28 U.S.C. 1331, 28 U.S.C. 1343, the common law of Tennessee for personal injury, negligence, negligent infliction of emotional distress, intentional infliction of emotional distress, civil battery, assault, embarrassment, retaliation, humiliation, sexual harassment, discrimination, and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq. Equal Employment Opportunity Act, and for acts and omissions that occurred in Fayette County, Tennessee.

10.   Venue is properly situated in the Western Division and Shelby County pursuant to 28 U.S.C. section 123 and LR 3.3 of the United States District Court for the Western District Western Division.

11.   This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. section 1367 and original jurisdiction over Plaintiff's claims of violations of federal Constitutional Rights under 28 U.S.C. section 1391 in that one or more defendants reside in the Western District of Tennessee, has its principal place of business in Fayette County, Tennessee; and Plaintiff's claim for relief arose in the district and all Defendants were employed by the City of Piperton in Fayette County during all times pertinent to this action.

## FACTS

12.   Based on information and belief, On or about August 8, 2019, the Plaintiff Linda Davis, was riding in the field with her supervisor Terry Parker in Piperton, Fayette County, Tennessee when Mr. Parker groped Mrs. Davis.  Later that same day, in the office Mr. Parker accused Mrs. Davis of having an affair with another City of Piperton employee, and as he proceeded to leave the office he shouted out for other employees in the office to hear "Go to your office and call

your boyfriend Gerald" with knowledge that Mrs. Davis is married. While working in the field with Mr. Parker, Mr. Parker told customers that she was he woman for the day.

13.     On or about August 29, 2018, Mrs. Davis informed Stephen Steinbach via letter and in-person that Mr. Parker touched her inappropriately on several occasions, got too close to her while she was working in Mr. Parker's office, touched the inside of her thigh and close to her "crotch" while taking paper from her lap without her consent on multiple occasions while she was in the vehicle working in the field with Mr. Parker; and regarding Mr. Parker's inappropriate, unwelcome actions, and sexual harassment, including taking pictures under her dress when she works in Mr. Parker's office as his assistant.  (See attached Exhibit A)

14.     On August 29, 2018, Mrs. Davis requested a meeting with Mr. Parker, who was still her supervisor, and inquired of Mr. Parker regarding him removing her normal/regular duties and assigning the duties to other employees and also conveying to Mr. Parker that she did not have concrete evidence but that she felt that he was taking pictures under her dress on several occasions.  Mr. Parker did not deny it.  Mrs. Davis also informed Mr. Parker that she had informed her husband and that her husband stated that Mr. Parker was out of line.  Since that incident Mr. Parker has been stripping Mrs. Davis of her daily duties and exhibited behaviors that Mrs. Davis considers unprofessional.

15.     On August 29, 2018, after Mr. Parker left Mrs. Davis' office, he called Mrs. Davis' from his cell phone and told her that he would not be threatened by anyone, that he could not trust her, and that if she wanted to tell Mr. Steinbach about the things she was accusing Mr. Parker of regarding touching her inappropriately and taking pictures under her dress to go ahead and get the process started.  Mr. Parker told her that Black folds need to stick together and try to help one another.  Mrs. Davis took his advice and talked to Mr. Steinbach regarding Mr. Parker's actions.

16.     On or about August 29, 2018, Mrs. Davis filed a discrimination and harassment complaint with the EEOC regarding the City of Piperton's, Mr. Steinbach's, and Mr. Parker's actions, discrimination, unwelcome sexual advances and harassment and Defendants' implementation and enforcement of the cell phone policy against Mrs. Davis alone.

17.     Prior to August 8, 2018, Mrs. Davis was not aware of a cell phone policy and Mr. Parker had not expressed any concerns regarding her cell phone usage.  To the contrary, Mr. Parker had stated in the past that if Mrs. Davis needed to make a call, go outside because there are nosy people in the office who would try to listen to her conversations even if her door was closed.

18.     Mr. Parker has expressed to Mrs. Davis on several occasions, the last time being June of 2018 when it was time to give yearly raises, that another employee Christi, a Caucasian female, sits at her desk and texts all day long and that the Christi used to try to hide the fact but had gotten very bold and keeps the cell phone in plain view.  Mr. Parker informed Mrs. Davis that due to Christi's excessive texting and absenteeism he felt that Christi should not receive a raise at all, but that Mr. Steinbach disagreed saying that every time he sees Mrs. Davis she is on the phone.  No policy or actions have been taken or implemented against Christi or any other employees, except Mrs. Davis.

19.     After Mrs. Davis filed the Complaint with the EEOC, Mr. Steinbach, per Mr. Parker, advised/authorized Mr. Parker to write Mrs. Davis up and to implement a cell phone policy solely for her.  When Mrs. Davis asked Mr. Parker why he was implementing/enforcing a new cell phone policy against her, Mr. Parker advised Mrs. Davis to ask Mr. Steinbach and the City's Attorney, with whom Mrs. Davis and her attorney had met, why the action was being taken.  Per Mr. Parker's advice, Mrs. Davis inquired of Mr. Steinbach regarding the action.

20. On September 4, 2018, Mrs. Davis inquired of Mr. Parker whether he had removed the spare key to the Public Works SUV from her desk drawer, and Mr. Parker admitted that he had taken it. Prior to that time, Mrs. Davis did not know that Mr. Parker had taken the key and he had not mentioned anything to her about it.

21. On September 18, 2018, Mr. Parker did not communicate with Mrs. Davis and had not informed her of any upcoming projects or communicated with her the work that she needed to do for the remainder of the month.

22. On September 20, 2018, Mrs. Davis went to Mr. Steinbach's office to ask about a company policy regarding the use of personal cell phones because earlier that day—for the first time since Mrs. Davis' employment with the City of Piperton—Mr. Parker had come into Mrs. Davis' office and stated that personal cell phones would not be allowed unless it was an emergency. Mr. Steinbach stated that it was not company policy, but because Mr. Parker was her supervisor he could make the call until they get a policy in place. Mr. Steinbach stated that Mr. Parker might ask her to sign a memo regarding the matter which only applies to her, due to the situation that has occurred in the office with the investigation regarding Mr. Parker. On September 26, 2018, Mr. Parker was showing employees in the office pictures of his new grandchild in his cell phone. The cell phone policy of not using the cell phone unless it is an emergency only applies to Mrs. Davis

23. On September 24, 2018, Mr. Parker gave a letter to Mrs. Davis regarding her cell phone usage. The letter states that Mrs. Davis' conversation on September 20, 2018 was very disturbing to him and her co=workers. However, Mrs. Davis never received any complaints from anyone regarding her cell phone usage as being disturbing to them. The letter also states that her cell phone usage has interfered with her work productivity; however, Mrs. Davis has never had

any complaints from Mr. Parker regarding her work productivity. However, Mr. Parker has complained about Christi's work productivity stating that she still has not learned how to properly do some of her work assignments after being employed at the City for almost four years. Mr. Parker would always ask Mrs. Davis how well could she do Christi's job is Christi were no longer employed with the City of Piperton. Mrs. Davis feels that this letter is another form of harassment/retaliation against her by Mr. Parker, Mr. Steinbach, the City of Piperton, and other Defendants. (See attached Exhibit B)

24.     On September 26, 2018 Mr. Parker came into Mrs. Davis' office and asked what time and how many breaks she takes daily. Mrs. Davis informed Mr. Parker that she usually takes two breaks daily. Mrs. Davis usually walks on her break, which has never been a problem before September 26, 2018, as Mr. Parker has always been aware of her heart condition and encourages her to follow the doctor's orders. Mr. Parker indicated that he has started to receive heat for her walking so she can no longer walk outside, she has to walk in her office. Mrs. Davis also ran errands daily for the City to the post office and the bank, and on September 26, 2018, Mr. Parker also stated that Mrs. Davis should be able to complete the errands in about 45 minutes; however before September 26, 2018, Mr. Parker had never had an issue with the timing it takes for Mrs. Davis to run errands for the City. Mrs. Davis feels that this is another means of Mr. Parker and the other Defendants are retaliating and harassing her.

25.     On September 27, 2018, Mrs. Davis wrote a letter to Maria George/HR Director for the City of Piperton, wherein Mrs. Davis informed Mrs. George that she filed sexual harassment charges against Mr. Parker on August 29, 2018 with City Manager/Piperton-Steve Steinbach, and that since she filed her complaint in August she has continued to be harassed and retaliated against by Mr. Parker. (See attached Exhibit C)

26.     Mrs. Davis filed a police report with the Piperton Police Department against Mr. Parker due to her belief that Mr. Parker had been taking pictures under her dress when she works in his office and based on Mr. Parker inappropriately touching her.

27.     The City of Piperton, Mr. Steinbach, Mayor Coats, and Mr. Parker were all aware that Mrs. Davis had filed a police report and that there was an investigation into the allegations against Mr. Parker; however, Defendants continued to have Mrs. Davis report directly to Mr. Parker, condoned and did Mr. Parker's actions, and assisted/instructed Mr. Parker in retaliating and harassing Mrs. Davis.  Mrs. Davis felt that Mr. Parker continued to retaliate and "boss bully" her.

28.     On or about November 1, 2018, Mr. Parker was arrested, after investigation by the Piperton Police, due to his actions against Mrs. Davis.

29.     The incident regarding Mrs. Davis and Mr. Parker's arrest was broadcast on the news on or about December 14, 2018.

30.     Following Mr. Parker's arrest on November 1, 2018, he was released on bond and returned to work for the City of Piperton Public Works Department remaining in the position as Mrs. Davis' direct supervisor.

31.     On January 31, 2019, Gerald Dixon and Maria George came into Mrs. Davis' office because Mr. Dixon had written Mrs. Davis up stating that she did not notify him that she was taking off January 30, 2019; however, Mrs. Davis had emailed Mr. Dixon-who had been appointed as her supervisor and with whom Mr. Steinbach and Mr. Parker inquired and/or accused as to Mrs. Davis having an affair and the person who Mr. Steinbach had informed Mrs. Davis on or about December 19, 2018 had admitted that Mr. Parker had shown pictures under Mrs. Davis' dresses- via Mr. Dixon's work email (as she was instructed) on January 29, 2019

advising Mr. Dixon that Mrs. Davis would be off. Mr. Dixon returned to Mrs. Davis' office and threw away the write-up and apologized when he checked his email and saw that Mrs. Davis did send him notice on January 29, 2019 that she was going to be off. (See attached Exhibit D)

32. On February 1, 2019, the EEOC provided a copy of The City of Piperton's position statement filed under EEOC Charge No. 490-2018-03395 on November 1, 2018.

33. On or about February 13, 2019, Mrs. Davis filed a Response to the Position Statement with the EEOC. (See attached Exhibit E).

34. On June 5, 2019, Mrs. Davis sent an email to Reed Bullock and Gerald Dixon (See attached Exhibit F.)

35. On June 12, 2019, Mrs. Davis sent an email to Reed Bullock and Mr. Steinbach (See attached Exhibit G.)

36. On June 18, 2019, Mrs. Davis sent an email to Mr. Steinbach regarding discrimination, retaliation, harassment and complaints against Mr. Reed Bullock and that she had filed another discrimination complaint. (See Attached Exhibit H)

36. While out on sick leave and after complaining to Mr. Steinbach, Reed Bullock's supervisor, Reed Bullock emailed Mrs. Davis that she was terminated.

37. Mrs. Davis feels that Mr. Parker, Mr. Steinbach, Mayor Coats, Mr. Reed Bullock, and City of Piperton continued to taunt and subject Mrs. Davis to emotional distress, embarrassment, humiliation due to her filing Complaints regarding harassment, discrimination, EEO Complaints, police report, etc.

38. Mr. Reed became Public Works Director and terminated Mrs. Davis while she was on sick leave due to her injuries that have resulted from these incidents.

39.     The City of Piperton, Tennessee and the Piperton Public Works Department are the government entities which trained and supervised Terry Parker and Stephen Steinbach.

40.     At all pertinent times, The City of Piperton was a municipal corporation within and a political subdivision of the State of Tennessee.  As a local government, the City of Piperton is suable and employed Defendants Mr. Parker, Mr. Steinbach, and Henry Coats at the Piperton Public Works Department.  The City of Piperton and Piperton Public Works Department are also responsible for the tortious acts of Mr. Parker, Mr. Steinbach, and Henry Coats as well as the unconstitutional policies and practices which resulted in the injuries to Mrs. Davis.

41.     At all times during Mr. Parker's and Mr. Steinbach's, encounters with Mrs. Davis, Mayor Henry Coats' knowledge and handling of the complaint and situations, and all times relative to this Complaint, Mr. Parker, Mr. Steinbach, and Mayor Coats, and John/Jane Doe 1 were in supervisor/manager capacities working and acting under color of law for the City of Piperton and/or Piperton Public Works Department.  They are being sued in their individual and official capacity for the injuries of Mrs. Davis.  The City of Piperton and Piperton Public Works Department are being sued because they are vicariously liable for all tortious acts and omissions of Defendants Terry Parker, Stephen Steinbach, Henry Coats, and John/Jane Doe 1 committed within the course and scope of their employment, as the employer of Defendants.

42.     Upon information and belief, at all times pertinent to this Complaint, Defendants Mr. Parker, Mr. Steinbach, Mayor Coats, and John/Jane Doe 1 were acting pursuant to City of Piperton's laws, customs, and/or policies, resulting in the injuries to Mrs. Davis.

43.     Upon information and belief, at all pertinent times, Defendants City of Piperton and Piperton's Public Works Departments law, customs, and/or policies resulted in the injuries to

Mrs. Davis and they condoned the behavior of Mr. Parker and/or Mr. Steinbach and failed or refused to remove Mrs. Davis from the hostile, embarrassing, and tortious enviroment.

44.     As the employer of Defendants Mr. Parker, Mr. Steinbach, and Mayor Coats Defendant City of Piperton and Piperton Public Works Department are vicariously liable for all the tortious acts and omissions of Defendants Mr. Parker, Mr. Steinbach, and Mayor Coats, and John/Jane Does 1 committed within the course and scope of their employment.

45.     Defendants John/Jane Does 1 are entities or individuals whose exact identities are not known at this time to Plaintiffs.  At all times pertinent to this Complaint, John/Jane Does 1 were employees, agents or employees of the City of Piperton.  At all pertinent times, Defendants John/Jane Does 1 and 2 were acting under the color of law and are sued in their official and individual capacities.  At such times as the identity of the John/Jane Does 1 and 2 are Made known to Plaintiffs, Plaintiffs will substitute the real party in interest for the named John/Jane Does 1 and 2.

46.     At all pertinent times, The Public Works Department had a custom or policy in place that enabled its agents and employees to act with deliberate indifference to the constitutional rights of individual citizens.  The Public Works Department encouraged agent and employee misconduct by failing to adequately and properly supervise, discipline, or train its agents and employees and by manifesting deliberate indifference.

### COUNTS I AND II-NEGLIGENCE AND NEGLIGENCE PER SE

47.     Plaintiff incorporates paragraphs 1-46 above set out above as if plead in their entirety herein.

48.     Based on information and belief, MR. Steinbach and Mayor Coats failed or refused to protect Mrs. Davis from her injuries, including emotional distress and harassment, after she

informed them that Mr. Parker had sexually harassed her and engaged in outrageous, reckless, and intentional behavior toward her, causing severe harm to her emotionally and otherwise. Mr. Steinbach and Mayor Coats refused to discipline Mr. Parker or take other action to ensure that Mrs. Davis was safe from further harassment or other negative actions.

49. Mrs. Davis has sought treatment for her injuries caused as a result of Defendants' actions and has been severely harmed as she has suffered extreme emotional and physical distress as a result thereof. The care and treatment required by Mrs. Davis caused her to incur significant medical expenses as a direct and proximate result of the negligent, reckless, wanton, outrageious and extreme conduct, and unlawful conduct of the defendants, which resulted in the injury to Mrs. Davis. Mrs. Davis suffered great pain and discomfort as a result of the injuries she sustained as a result of the actions and inactions of Defendants.

50. Defendants owed a duty to Mrs. Davis to keep her safe, free from harm, and free from the conduct exhibited by Mr. Parker, Mr. Steinbach, Mayor Coats, Mr. Reed Bullock, and John/Jane Doe that resulted in her injuries.

51. Defendants owed a duty to Mrs. Davis to keep her free from harm to protect her constitutional rights. Defendants City of Piperton, Mr. Steinbach and Mayor Coats also owed a duty to keep reasonable care, that actions as exhibited by Mr. Parker, Mr. Steinbach, Mayor Coats, would likely lead to the injury to Mrs. Davis,

52. Defendants City of Piperton, Stephen Steinbach, and Mayor Coats breached their duty to Mrs. Davis when they wrongfully and unreasonably injured her and failed and refused to protect her from injury by Mr. Parker and condoned and failed/refused to remove her from his supervision after the revealed that Mr. Parker had caused her harm by his actions towrd her.

53. Mrs. Davis suffered injuries as a result of the actions and inactions of Defendants.

54. Defendants breach of their duty and negligent conduct was a direct cause and proximate cause of the injuries suffered by Mrs. Davis.

55. The negligent, reckless, wanton, and unlawful actions or inactions of Defendants were a direct cause and a proximate cause of the injuries to Mrs. Davis.

56. In addition to ordinary negligence, Defendants are also guilty of negligence per se for violation of a statute.

57. Due to Mr. Parker's negligence per se and reckless conduct, which led to injury to Mrs. Davis, Plaintiffs should be awarded punitive damages in addition to compensatory damages.

58. Defendants City of Piperton, Mayor Coats, Mr. Steinbach, Mr. Reed Bullock, as well as their agents and employees, failed to properly hire, train, supervise, and discipline its and their employees, including Mr. Parker and John/Jane Doe.

59. The City, Mayor coats, failed to properly educate its and their supervisors and employees in standard and proper police procedures, including, but not limited to, the use of reasonable and necessary force during an arrest or confrontation with individuals and the protection of an individual's Civil and Constitutional rights as guaranteed by law and the United States Constitution.

## COUNT III: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

60. Plaintiff incorporate paragraphs 1-59 as if stated verbatim herein.

61. Plaintiff has suffered emotional distress as a result of the actions of All Defendants, individually and collectively.

## COUNT IV: VIOLATION OF 42 U.S.C. SECTION 1983 BY ALL DEFENDANTS

62. The facts set forth in paragraphs 1-61 are herein incorporated by reference as if stated herein verbatim.

63. Defendants acted willfully, deliberately, maliciously, and with reckless disregard for Mrs. Davis' clearly established civil rights in violation of 42 U.S.C. Section 1983.

64. The City of Piperton, Mr. Steinbach, Mayor Coats encourage its and their officers to violate 42 U.S.C. Section 1983 by failing to properly train, supervise, and discipline its and their employees/agents.

### COUNT V:   VIOLATION OF EQUAL EMPLOYMENT OPPORTUNITY ACT

65. Plaintiff incorporate paragraphs 1-64 as if stated verbatim herein.

66. ALL Defendants have violated Mrs. Davis' civil rights by discriminating against her under the Equal Employment Opportunity Act, causing injury; humiliation; embarassment and emotional distress to Mrs. Davis.

67. The Equal Employment Opportunity Commission has given Mrs. Davis a right to sue based on her complaints for discrimination, retaliation, and sexual harassment.

### DAMAGES

68. Plaintiffs incorporate allegations in paragraphs 1-67 as if stated herein verbatim.

69. Plaintiff engaged in no acts or omissions that contributed to the injury sustained by Mrs. Davis and caused by Defendants.

70. Based on the foregoing, Plaintiffs should be awarded a judgment against Defendants, severally and jointly, in the amount of $50,000,000.00 (Fifty million dollars and zero cents) in compensatory damages and an additional $50,000,000.00 (Fifty million dollars and zero cents) in punitive damages, or such other amount that is fair and reasonable as determined at trial, against Defendants jointly and severally.

71. Defendants should be held liable to Plaintiffs for all damages incurred, including loss of enjoyment of life; pecuniary value of the life; deprivation of civil rights, including the right to

life; loss of earning capacity; future earning capacity; pain and suffering; and negligent infliction of emotional distress, and injuries sustained to Plaintiffs as a result of the negligent, wanton and unlawful conduct of Defendants, as Defendants' actions (John/Jane Doe 1 and 2 use of unreasonable, unnecessary and negligence in policy implementation, hiring, training, supervision and discipline of the Mr. Parker and Mr. Bullock.

**WHEREFORE, PREMISES CONSIDERED, PLAINTIFF PRAYS AND DEMANDS THE FOLLOWING**:

1. That proper process issue and be served upon the Defendants, and that Defendants be required to appear and answer this complaint within the time required by law;

2. That Defendants, jointly and severally, be found liable to Plaintiff for damages, compensatory and punitive;

3. That Plaintiff be awarded compensatory damages, in the amount of $50,000,000.00 (Fifty million dollars and zero cents), or such other fair and reasonable amount to be determined at trial, to be paid by all Defendants, jointly and severally;

4. That Plaintiff be awarded punitive damages, in the amount of $50,000,000.00 (Fifty million dollars and zero cents), or such other fair and reasonable amount to be determined at trial, to be paid by Defendants John/Jane Doe 1 and John/Jane Doe 2 in their individual and official capacities, jointly and severally;

5. That Plaintiff be awarded pre-judgment and post-judgment interest as allowed by law;

6. That Plaintiff be awarded costs and expenses, including attorney fees, associated with the bringing of this action;

7. That Plaintiff be granted such other further and favorable relief, both general and specific, to which Plaintiff may be entitled; and

8. That this matter be tried before a jury.

9. That Plaintiff be allowed to amend the Complaint to add individual defendants once their identity is ascertained, and to otherwise amend the Complaint to conform to the facts.

Respectfully submitted,

/s/ Shantell S. Suttle_____
Shantell S. Suttle (#023365)
Law Office of Shantell S. Suttle
Attorney for Plaintiff
P.O. Box 2423
Cordova, TN 38088-2423
Telephone (901) 474-8809
Facsimile (901) 257-7992